**Quincy Gas, Electric & Heating Company, Appellant, v. O. N. Barr et al., Appellees.**

VERDICTS—*when not disturbed.* A verdict will not be set aside on review as against the weight of the evidence unless clearly and manifestly so.

Assumpsit. Appeal from the Circuit Court of Adams county; the Hon. ALBERT AKERS, Judge, presiding. Heard in this court at the May term, 1908. Affirmed. Opinion filed May 19, 1909.

GOVERT & LANCASTER, for appellant.

J. G. GILMER, for appellees.

MR. JUSTICE RAMSAY delivered the opinion of the court.

Appellant brought suit in the Circuit Court of Adams

county upon an account against appellees. There was a verdict, upon a plea of tender, in favor of appellees, and this appeal followed.

The controversy related to a claim made by appellant in the sum of $55.33 for gas and electricity furnished by it to appellees for the month beginning July 19, and ending August 19, 1907. Appellees insisted upon the trial that there was only $22 due from them to appellant for such gas and electricity consumed by them during such period of one month, which amount they tendered to appellant and brought into court in due time and deposited it with the clerk of such court in full of appellant's demand.

The jury found the tender to be sufficient, the court approved the same and rendered judgment against appellant for costs. Appellant insists that the verdict is against the manifest weight of the evidence and should be set aside.

We have examined the evidence as abstracted and do not think the verdict is so manifestly against the weight of the evidence as to make a reversal necessary. The issue was purely one of fact and seems to have been fairly submitted to the jury. There was evidence which tended to corroborate each party in the contention made and there was a sharp conflict in the evidence upon the question of the amount of gas and electricity used by appellees and also upon the claim made by appellees that appellant had furnished them with a defective meter.

There is no reversible error in the record and the judgment is affirmed.

*Affirmed.*